tration settlement. In the absence of an express choice of law provision, the FAA prevails. *Volt Information Sciences, Inc. v. Board of Trustees,* 489 U.S. 468, 477, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488. State law may be applied in arbitration matters, subject to preemption, only to the extent that it actually conflicts with federal law.

The final sentence should read instead that state law may be applied in arbitration matters to the extent that it does not conflict with federal law.

This opinion has been affirmed by the Seventh Circuit without any mention of the error, and a reading of the passage in context, as well as a reading of the *Volt* case, makes it evident that the rest of the opinion stands as a proper interpretation of the concepts of preemption. However, to be accurate, we have issued this order to correct the clerical error in the opinion.

Ahmad **BARAVATI**

v.

**JOSEPHTHAL LYON & ROSS, INC.**

No. 93 C 338.

United States District Court, N.D. Illinois.

Sept. 7, 1994.

## ORDER

MAROVICH, District Judge.

It has come to this Court's attention that there is an error in one of our earlier opinions. This error is merely a clerical error which can be corrected pursuant to Fed. R.Civ.P. 60(a) at anytime.

In the opinion in *Baravati v. Josephthal Lyon and Ross,* 834 F.Supp. 1023 (N.D.Ill. 1993) *aff'd,* 28 F.3d 704 (7th Cir.1994), the Court states on page 1029:

> Furthermore, both Plaintiff and Defendants agreed to submit to the NASD arbi-